IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| MYSHEL STOLTENBERG, | ) Civil Action No. 2:25-CV-01378-CB-CBB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Chief United States District Judge |
| | ) Cathy Bissoon |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, LISA CAUGHEY | ) United States Magistrate Judge |
| INSURANCE AGENCY, INC., | ) Christopher B. Brown |
| | ) |
| Defendants, | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO REMAND (ECF NO. 19),
DEFENDANTS' MOTION TO DISMISS (ECF NO. 4), and DEFENDANTS'
MOTION TO CONSOLIDATE (ECF No. 6)[1]**

**Christopher B. Brown, United States Magistrate Judge.**

## I.    Recommendation

Defendant State Farm Fire and Casualty Company ("State Farm") removed

this civil action to federal court from the Court of Common Pleas of Allegheny

County.  ECF No. 1.  The matter was initiated by Plaintiff Myshel Stoltenberg

("Plaintiff") who brought this action against her insurer State Farm as well as her

insurance agency, Lisa Caughey Insurance Agency, Inc. ("Caughey Insurance").

ECF No. 1-6.  Stoltenberg generally alleges Caughey Insurance falsely told State

Farm that she had threatened the staff at Caughey Insurance, which caused State

---

[1]    This matter has been referred to the undersigned United States Magistrate Judge for a
Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Farm to put her on a "threat list" and prevent her from working with any State Farm agent. ECF No. 1-6. Stoltenberg brings only Pennsylvania state law claims of fraud, tortious interference, and defamation against both Defendants. *Id.* Notably, Plaintiff and Defendant Caughey Insurance are both citizens of Pennsylvania. ECF Nos. 24, 37.

Presently pending before the Court are Plaintiff's Motion to Remand, ECF No. 19, Defendant State Farm's Motion to Dismiss, ECF No. 4, and State Farm's Motion to Consolidate this case with another pending action before this court involving Plaintiff at Civil Action No. 2:24-cv-1337.[2] ECF No. 6. Defendant Caughey Insurance has joined both of Defendant State Farm's pending motions. ECF No. 26, 32. The matter is fully briefed and ripe for consideration.

Upon review of the parties' submissions and the relevant case law, it is respectfully recommended that Plaintiff's Motion to Remand, ECF No. 19, be GRANTED. It is further recommended that Defendants' Motion to Dismiss, ECF No. 4, be DISMISSED AS MOOT, and Defendants' Motion to Consolidate, ECF No. 6, be DENIED. As it relates to 2:25-CV-1378 only, this matter should be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

II.    **Report**

a. **Factual and Procedural Background**

---

[2]    Defendant State Farm filed identical briefing for the Motions to Consolidate in both actions pending before this Court. *See* Civil Action No. 2:24-cv-1337 at ECF No. 54; Civil Action No. 2:25-cv-1378 at ECF No. 6.

### i.  2024 Action

In 2024, Stoltenberg filed her first lawsuit against State Farm in the Court of Common Pleas of Allegheny County, Pennsylvania and State Farm removed it to this Court.  *See* 2:24-cv-1337 ("2024 Action").  In the 2024 Action, Stoltenberg brings breach of contract and bad faith claims against State Farm for insurance coverage after her home's foundation, structural supports, and electrical equipment were damaged from nearby utility work.  *See* 2024 Action at ECF No. 1-2.  That matter is still pending before this Court.

### ii.  2025 Action

In 2025, Stoltenberg filed the instant lawsuit in the Court of Common Pleas of Allegheny County, its second against State Farm, and added Caughey Insurance. As with the 2024 Action, State Farm also removed the matter to this Court.  ECF No. 1 ("2025 Action").  Plaintiff alleges she went in-person and communicated with staff at Caughey Insurance in an attempt to secure coverage for the damage to her home that is the subject of the 2024 Action.  *Id.* at ¶¶ 5, 12, 17, 20-22.  She submits that Caughey Insurance incorrectly interpreted her "complaints about State Farm's claims handling as personal attacks," and that Caughey Insurance "demanded that Ms. Stoltenberg leave the premises and threatened to call the police."  *Id.* at ¶¶ 25-26.

Stoltenberg alleges Caughey Insurance falsely told State Farm that she had threatened its staff, knowing that this would cause State Farm to put her on a "threat list" and bar her working with *any* State Farm agent office – not just Caughey Insurance.  *Id.* at ¶¶ 32-34.  Plaintiff says that "[m]any aspects of both

auto insurance and homeowners insurance require the assistance of an agent to make changes or answer questions," and that not being able to work with an agent has made things difficult and expensive for her.   *Id.* at ¶¶ 35-36.  As an example of this, Plaintiff notes that she was unable to file an unrelated claim on her auto insurance for vandalism because she was not able to work with an insurance agent. *Id.* at ¶ 37.

As a result, she brings Pennsylvania state law claims against Caughey Insurance for fraud, tortious interference, and defamation, and a claim against State Farm for defamation.  *Id.* at ¶¶ 38-65.

### b.  Standards of Review

As there are three matters before the Court – a Motion for Remand, a Motion to Dismiss, and a Motion to Consolidate – the standards of review for each is set forth as follows:

### i.  Removal of the Case from State Court - 28 U.S.C. § 1441

Removal is governed by 28 U.S.C. § 1441, which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  To remove a case to federal district court, a defendant must set forth the grounds for removal in a short, plain statement.  *See* 28 U.S.C. § 1446.  *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

The Court of Appeals for the Third Circuit has held that "[i]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). It is defendant's burden "to show the existence and continuance of federal jurisdiction." *Id.*

### ii. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)

The applicable inquiry is governed by Federal Rule of Civil Procedure 12(b)(6) and is well settled. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden of showing that a complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v.*

5

*Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

### iii.  Motion to Consolidate – Fed. R. Civ. P. 42(a)

Courts have broad discretion when considering whether to consolidate cases that share common questions of law or fact. *Williams v. Gavin*, 640 F. App'x 152, 155 (3d Cir. 2016). Federal Rule of Civil Procedure 42(a) provides that if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). When considering such a motion, a court should "weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice." *Volkay v. Court of Common Pleas of Allegheny Cty.*, 2015 WL 4953143, at *1 (W.D. Pa. Aug. 19, 2015) (citation omitted).

### c.  Discussion

#### i.  Motion to Remand, ECF No. 19

As subject matter jurisdiction is a threshold question, the Court will first address Plaintiff's Motion to Remand. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

In her motion seeking remand, Stoltenberg argues that because she and Defendant Caughey Insurance are both citizens of Pennsylvania, they are not

6

diverse and the Court does not have subject matter jurisdiction. ECF Nos. 19-20. In opposition, Defendants agree. Nonetheless, they invoke an exception to the requirement of diversity jurisdiction and argue that Defendant Caughey Insurance was fraudulently joined in this action making its citizenship irrelevant for this analysis. ECF Nos. 25, 35.

As explained more fully below, the Court agrees with Stoltenberg – the parties are not diverse and Caughey Insurance was not fraudulently joined. Therefore, it is respectfully recommended that the Motion to Remand be GRANTED for lack of subject matter jurisdiction.

### 1. Diversity Jurisdiction

As an initial matter, Stoltenberg is correct that the Parties are not diverse.[3] "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Zambelli Fireworks,* 592 F.3d at 418). Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and where the lawsuit is "between . . .

_____

[3]     Defendants note removal was procedurally proper because State Farm removed the case *before* Plaintiff served the forum-defendant, Caughey Insurance. ECF No. 25 at 1-2 (citing *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2017) (delineating the principles of "snap removal")). To the extent Defendants are arguing "snap removal" permits the Court to overlook Defendant Caughey Insurance's citizenship in the diversity analysis, the Court notes that "save for instances where defendants have been fraudulently joined, multiple circuits have concluded that the citizenship of unserved defendants counts towards diversity of citizenship." *Garcia-Carrasco v. Daltile*, No. 25-CV-4223, 2025 WL 2692685, at *3, n.2 (E.D. Pa. Sept. 19, 2025) (citing *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022) (per curiam); *Howell ex rel. Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 217–18 (7th Cir. 1997); *M&B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023); *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966)).

citizens of different States." 28 U.S.C. § 1332.  The parties must be completely diverse and no defendant can be from the same state as any plaintiff.  *Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir.1993).

Here, Plaintiff and Defendant Caughey Insurance are both citizens of Pennsylvania.  ECF Nos. 24, 37.  Plaintiff disclosed that she is domiciled in Pennsylvania.  ECF No. 24.  *See also GBForefront*, 888 F.3d at 34 ("The citizenship of a natural person is the state where that person is domiciled").  Likewise, Defendant Caughey Insurance disclosed that it is both incorporated in Pennsylvania and has its principal place of business in Pennsylvania.  ECF No. 37.  *See also GBForefront* 888 F.3d at 34 ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business").

Accordingly, the parties are from the same state so there is no diversity jurisdiction.

## 2. Fraudulent Joinder

In their Opposition, Defendants submit that the Court should maintain subject matter jurisdiction over this case regardless of Caughey Insurance's citizenship.  ECF No. 25 at 2-11.  They argue its citizenship does not impact the jurisdictional analysis because Caughey Insurance was fraudulently joined in this action so there is no colorable claim against it.  *Id.*; ECF No. 35.  Plaintiff disagrees and argues that Caughey Insurance was joined in good faith with three valid claims made against it.  ECF No. 28 at 2-7.

Fraudulent joinder "is an exception to the requirement that removal must be predicated on complete diversity." *Cirocco v. Nw. Mut. Life Ins. Co.,* No. 17-393, 2017 WL 4681319, at *2 (W.D. Pa. Oct. 18, 2017) (citing *In re Briscoe,* 448 F.3d 201, 215-26 (3d Cir. 2006). The action can be removed if defendants can establish "the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* (quoting *Briscoe,* 448 F.3d at 216). *See also In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002) ("The presence of a party fraudulently joined cannot defeat removal"). Defendants have a "heavy burden" to prove that a party was fraudulently joined. *Batoff v. State Farm Insurance Co.,* 977 F.2d 848, 851 (3d Cir.1992) (citing *Steel Valley,* 809 F.2d at 1012, n. 6).

The Third Circuit Court of Appeals has held that joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" *Batoff,* 977 F.2d at 851 (quoting *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). Additionally, "'if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Id.* (quoting *Boyer,* 913 F.2d at 111).

### a. Fraudulent Joinder – Good Faith Motive

Defendants primarily base their fraudulent joinder argument on whether Stoltenberg's claims are colorable and relegate any discussion of Stoltenberg's

9

motive to a footnote.  ECF No. 25 at n. 1.  The Court will address the argument regarding Stoltenberg's motive – be it in good faith or bad – briefly.  In the footnote, Defendants argue Stoltenberg lacked good faith in naming Defendant Caughey Insurance because she does not discuss Caughey Insurance until the third page of the Complaint, and because Stoltenberg did not serve Defendant Caughey Insurance prior to removal.  *Id.*

Courts often find a plaintiff lacked "good faith" in bringing a claim against a resident defendant when, for example, that defendant is not mentioned in the complaint or where a plaintiff does not bring any claims against the defendant.  *See, e.g., PharmaCann Penn, LLC v. BV Dev. Superstition RR, LLC*, 318 F. Supp. 3d 708, 715 (E.D. Pa. 2018) (finding a defendant was fraudulently joined because they were "only mentioned twice in the entire complaint – and each time, only to illustrate that complete diversity is not satisfied"); *Tripodes v. NVR, Inc.,* No. 18-1131, 2018 WL 6732993, at \*2 (W.D. Pa. Nov. 6, 2018), *report and recommendation adopted*, No. 2:18-1131, 2019 WL 176173 (W.D. Pa. Jan. 11, 2019) (finding a defendant was fraudulently joined where the complaint "identifies Armstrong as a defendant but fails to allege a single claim against it").  That is not the case here.

In the Complaint, Stoltenberg describes ample allegations and involvement by Defendant Caughey Insurance, and in fact, brings all three counts against that Defendant.  *See* ECF No. 1-6 at ¶¶ 2, 5, 12, 17, 20, 22-65.  Stoltenberg has also since served Defendant Caughey Insurance, and Defendants withdrew their Motion to Dismiss for Lack of Prosecution/Service.  ECF No. 14, 33.  Accordingly, the Court

finds Defendants have not met their heavy burden to show Stoltenberg had no real intention to prosecute the action against Defendant Caughey Insurance, and the Court discerns no evidence of bad faith in the record. *See Cirocco*, 2017 WL 4681319 at \*2 (finding no evidence in record that plaintiff had no real intention in good faith to prosecute the action).

### b. Fraudulent Joinder – Colorable Claims

In their Opposition Defendants also argue that Defendant Caughey Insurance was fraudulently joined because none of the claims against it are colorable. ECF No. 25 at 2-11. Defendants do an element-by-element review of Stoltenberg's fraud, tortious interference, and defamation claims – citing in some cases to evidence – for why these claims lack merit. *Id.* Stoltenberg, in turn, argues each of the claims are colorable. ECF No. 28. As explained below, Stoltenberg has asserted colorable tortious interference and defamation claims against Caughey Insurance, and, as a result, it is respectfully recommended the case be remanded.

Under a fraudulent joinder analysis, "[a] claim is colorable if it is not "'wholly insubstantial and frivolous."' *Cirocco*, 2017 WL 4681319, at \*2 (quoting *Batoff*, 977 F.2d at 852). Notably, the question of whether a claim is "colorable" is separate from whether the claim has merit. *Boyer*, 913 F.2d at 112 (citing *Chesapeake & O. Ry. Co. v. Cockrell*, 232 U.S. 146 (1914)). An inquiry into whether a claim is "colorable" is "not governed by the Rule 12(b)(6) standard," *Cirocco*, 2017 WL 4681319, at \*2 (quoting *Batoff*, 977 F.2d at 852), and instead focuses on whether

there is "even a possibility that a state court would find that the complaint states a cause of action" against a resident defendant. *Id.* (quoting *Boyer*, 913 F. 2d at 111).

Once again Defendants have a heavy burden to show *all* of Stoltenberg's claims against Defendant Caughey Insurance are wholly insubstantial or frivolous. *Batoff*, 977 F.2d at 852. If even one of the claims is colorable, then the case must be remanded. *Weaver v. Am. States Ins.*, No. 23-527, 2023 WL 6541037, at *4 (W.D. Pa. Oct. 6, 2023) (remanding the case because defendants have "not shown that the claims against [non-diverse defendant] are wholly insubstantial or frivolous"). Defendants have not met their heavy burden here.

### i.  Tortious Interference and Defamation

Stoltenberg has alleged colorable tortious interference and defamation claims against Defendant Caughey Insurance at Counts II and III. ECF No. 1-6 at 47-55; 56-65.

Defendants argue these claims are not colorable and do an in-depth analysis of whether Stoltenberg sufficiently pled each element of the claims. ECF No. 25. *See Batoff*, 977 F.2d at 853 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction"). However, to reiterate: the question of whether a claim is colorable is separate from whether the plaintiff has sufficiently pled the elements of a claim under the 12(b)(6) standard. *Boyer*, 913 F.2d at 112.

12

First, for the tortious interference claim, Defendants analyze the Policy and correspondence between State Farm and Stoltenberg to argue that tasks were simply made more difficult for Stoltenberg and that she was not prevented from making changes to her policy or filing a new claim. ECF No. 25 at 7-8. They go line-by-line in the Policy to conclude that nothing *required* Stoltenberg to be able to speak with an insurance agency and that she could have accomplished everything in writing. *Id*. Defendants then conclude that State Farm did not fail to perform under the Policy, so Stoltenberg failed to allege all elements of a claim. *Id.*

Second, for the defamation claim, Defendants argue her claim fails because "Plaintiff has set forth *no facts* whatsoever to support a defamation claim as it pertains to the Caughey Agency." *Id.* at 8-9 (emphasis in original). Defendants argue the allegations that Caughey Insurance told State Farm she had threatened them are not specific enough and such "indefiniteness by Plaintiff if fatal at the pleadings stage." *Id.* at 9. *See also* ECF No. 35 at 2. Defendants support their argument with case law discussing pleading requirements at the motion to dismiss stage. *Id.* at 9-10.

Courts have rejected similar arguments in a fraudulent joinder analysis because they focus too closely on the merits of a claim. *Cirocco*, 2017 WL 4681319, at *3 ("The gravamen of Northwestern's argument is whether Plaintiffs have properly pled a UTPCPL claim against Hast, but it is not the Court's task to assess the claim under a Rule 12(b)(6) standard at this juncture. Rather, the question is whether the claim is colorable, and the Court concludes that it is"). *See also Glass*

13

*Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Wickes Companies, Inc.*, 707 F. Supp. 174, 181 (D.N.J. 1989) ("We think that to fully pursue this argument, the court would be forced to enter into the legal and factual thicket that comprises the merits of this case. This is not terrain upon which a court uncertain of its jurisdiction should tread") (citing *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983) (A district court should not conduct a full-scale hearing on the merits to determine the existence of fraudulent joinder)).

Instead, Stoltenberg's tortious interference and defamation claims against Defendant Caughey are colorable. ECF No. 1-6 at 47-55; 56-65. Both claims are based on Stoltenberg's allegation that Defendant Caughey Insurance falsely told State Farm that she had threatened the staff at Caughey Insurance. *Id.* at 48-53; 57-60. Stoltenberg alleges Caughey Insurance knew by doing so that State Farm would put her on a "threat list" and bar her from working with any insurance agency, which in turn prevented her from making necessary changes to her policy or filing a claim under her auto policy. *Id.* at 53-55; 62, 65.

As an initial matter, Defendants cite no Pennsylvania law addressing whether an insurance agency can tortiously interfere with a contract between a policyholder and the insurer. *Cf. Funaro v. State Farm Fire & Cas. Co.,* No. CV 25-04, 2025 WL 3227340, at *6 (W.D. Pa. Nov. 19, 2025) (finding tortious interference claim against insurance <u>adjuster</u> to be not colorable because adjuster was working on behalf of insurer). Similarly, Defendants cite no Pennsylvania case law addressing whether an insurance agency can be liable for defamation for

14

communications about the policyholder to the insurer.  The Court's research yields no case law either for tortious interference or defamation claims.  As the Court must resolve "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," we find that Stoltenberg's claims are not "wholly insubstantial and frivolous."  *Horne v. Progressive Advanced Ins. Co.,* No. 15-1029, 2015 WL 1875970, at *2 (E.D. Pa. Apr. 24, 2015) (resolving uncertainties in controlling substantive law in favor of the plaintiff).

Looking at the claims more closely, Stoltenberg has generally alleged a tortious interference claim against Defendant Caughey for interfering with her relationship with State Farm.  Under Pennsylvania law, the elements of a tortious interference claim are: (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct.  *Empire Trucking Co. v. Reading Anthracite Coal Co.*, 71 A.3d 923, 933 (Pa. Super. Ct. 2013).  There is a possibility that a state court would find that the Complaint states a tortious interference claim against Caughey Insurance for interfering with Stoltenberg's relationship with State Farm when it allegedly falsely told State Farm that she had threatened the staff.  Whether this claim will ultimately be dismissed on a Rule 12(b)(6) motion is a question for the state court.  *See Batoff,* 977 F.2d at 852–53 (finding plaintiff

15

presented a colorable claim "even if it ultimately may not withstand a motion to dismiss in the state court").

Stoltenberg has also alleged a colorable defamation against Defendant Caughey Insurance for allegedly spreading false representations about her to State Farm.  Under Pennsylvania law, a defamation action must generally allege: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.  *See* 42 Pa. Cons. Stat. Ann. § 8343(a).  *See also Preston v. Fid. Brokerage Servs.*, No. 20-1612, 2022 WL 964001, at *2–3 (3d Cir. Mar. 30, 2022) (same).  It is possible a state court would find the Complaint states a cause of action for defamation – Stoltenberg alleges Caughey Insurance falsely told State Farm she had threatened the staff, and that Caughey Insurance knew that in doing so, State Farm would place Plaintiff on a "threat list," which in turn prevented her from being able to exercise her rights under the Policy.  Again, whether Stoltenberg has actually alleged each element of a defamation claim is a question for the state court.  *Batoff*, 977 F.2d at 852–53.

### ii.  Fraud

Defendants are correct, however, that Stoltenberg has failed to state a colorable claim for common law fraud at Count I.  ECF No. 1-6 at ¶¶ 38-46.  In

16

order to state a claim for common law fraud under Pennsylvania law, a plaintiff must plead (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance. *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 166–67 (Pa. Super. Ct. 2013) (citing *Weston v. Northampton Pers. Care, Inc.*, 62 A.3d 947, 960 (Pa. Super. Ct. 2013)).

Here, Stoltenberg is predicating her fraud claim on a false statement that Caughey Insurance purportedly made to State Farm – not to her. ECF No. 1-6 at ¶ 39. In order to state a common law fraud claim in Pennsylvania, the "*recipient* of the misrepresentation must be the one to reasonably rely upon the misrepresentation" and be damaged as a result. *Joyce*, 74 A.3d at 167 (citing *Elisa v. Erie Ins. Exchange,* 581 A.2d 209, 211-12 (Pa. Super. Ct. 1990) (emphasis in original). This claim is not colorable because Pennsylvania does not recognize a cause of action for Stoltenberg's theory of fraud. However, regardless of whether Stoltenberg raised a colorable claim of fraud, she has raised other colorable claims. Defendant Caughey Insurance was not fraudulently joined.

In conclusion, the parties are not diverse in this action. Additionally, Defendant Caughey Insurance was not fraudulently joined because Plaintiff has stated colorable claims against it. Accordingly, it is respectfully recommended that

17

the Motion to Remand (ECF No. 19) be GRANTED and the case be remanded to state court for lack of subject matter jurisdiction under 28 U.S.C. 1447(c).

### ii.  Motion to Dismiss (ECF No. 4)

In light of the recommendation that the case be remanded to state court for lack of subject matter jurisdiction, it is respectfully recommended that the Defendants' Motion to Dismiss be DENIED AS MOOT and without prejudice to refile in state court.  *See Guidas v. United States Steel Corp.*, No. 2:24-305, 2024 WL 2729905, at *11 (W.D. Pa. May 28, 2024) (denying motion to dismiss as moot in light of remand); *PGNA, Inc. v. Sterling Prods., Inc.*, No. 2:24-1041, 2024 WL 4453584, at *4 (W.D. Pa. Sept. 6, 2024), *report and recommendation adopted,* No. 2:24-01041, 2024 WL 4451665 (W.D. Pa. Oct. 9, 2024) (same); *Kamovitch v. Am. Econ. Ins. Co.*, No. 2:23-01627, 2024 WL 3924680, at *5 (W.D. Pa. Aug. 22, 2024) (same).

### iii.  Motion to Consolidate (ECF No. 6)

It is also respectfully recommended that Defendants' Motion to Consolidate the 2024 Action (2:24-cv-1137) and the 2025 Action (2:25-cv-01378) be DENIED in light of the recommendation that the 2025 Action be remanded to state court.

Per the above analysis, there is no subject matter jurisdiction over the 2025 Action and consolidating the actions would be inefficient and inconvenient.  *See Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 562 F. App'x 145, 148 (3d Cir. 2014) (affirming District Court's denial of motion to consolidate because one of the cases had been remanded to state court); *Stucchio v. Allstate Prop. & Cas. Ins. Co.,* No. CIV.A. 11-7068, 2012 WL 1138576, at *4 (E.D. Pa. Apr. 4, 2012) ("Because

18

this court has no jurisdiction over *Stucchio II,* the Allstate motion to consolidate will be denied").   Additionally, the two cases are in different procedural postures – fact discovery has closed in the 2024 Action, and fact discovery has not started in the 2025 Action. *See Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs.*, L.P., 785 F.3d 96, 102 (3d Cir. 2015) (affirming denial of a motion to consolidate "in light of the vastly different stages of the cases").   It would cause undue delay in the 2024 Action if the cases were consolidated.

Accordingly, it is respectfully recommended that the Motion to Consolidate be DENIED.

### III.    Conclusion

For the reasons stated herein, it is respectfully recommended that Plaintiff's Motion to Remand, ECF No. 19, be GRANTED.   It is further recommended that Defendants' Motion to Dismiss, ECF No. 4, be DISMISSED AS MOOT, and Defendants' Motion to Consolidate, ECF No. 6, be DENIED.   As it relates to 2:25-CV-1378 only, this matter should be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the District Court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.   Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.   *See* Fed. R. Civ. P.

72(b)(2).  Failure to file timely objections will constitute a waiver of appellate rights.

*See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


DATED this 13th day of May, 2026.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge


CC:   Hon. Cathy Bissoon
Chief United States District Judge

All counsel of record, *via ECF*

20